**HOME SAVINGS ASSOCIATION, Appellant,**

v.

**BURNTWOOD PROPERTIES, an Oklahoma General Partnership d/b/a Burntwood Court Mobile Home Community, Appellee.**

**No. 70844.**

Court of Appeals of Oklahoma, Division No. 3.

June 20, 1989.

Rehearing Denied Sept. 14, 1989.

Certiorari Denied March 13, 1990.

Edward A. Reed, Reed, Shadid & Pipes, Oklahoma City, for appellant.

Larry A. Morgan, Morgan and Morgan, Inc., Oklahoma City, for appellee.

## MEMORANDUM OPINION

REYNOLDS, Judge:

In February, 1985, Steve and Deborah Bullington rented a space from Burntwood Properties (Burntwood) for a mobile home. Home Savings Association (Home Savings) had a properly perfected security interest in the mobile home to secure a loan to the Bullingtons. In June, 1985 the Bullingtons abandoned the mobile home on the Burntwood lot.

For approximately two months after the mobile home was abandoned, Burntwood made twice daily security checks of the mobile home and provided other security measures to be certain that no outside items, e.g. the air conditioner, steps and skirting, were taken. Burntwood mowed the grass, picked up newspapers and mail, guarded against small animals taking up residence beneath the mobile home and guarded against water damage. Burntwood also continued to provide space for the mobile home.

On July 11, 1986, Burntwood mailed a certified letter notifying Home Savings of the abandonment of the mobile home and that Burntwood was assessing storage fees. Home Savings failed to respond. On July 23, 1986, Burntwood sent a second certified letter informing Home Savings it had fourteen (14) days to make arrangements to pick up the mobile home. Again, Home Savings failed to respond.

Burntwood claimed a possessory lien pursuant to 42 O.S. 1981 § 91. On August 13, 1986, pursuant to the possessory lien, Burntwood mailed a notice of sale to Home Savings stating a sale would be held at 9:00 a.m. on August 25, 1986 at the mobile home park in order to satisfy the storage lien. Home Savings did not respond and did not appear at the sale. At that sale, the mobile home was sold to Burntwood for the cost of the storage fees.

In January, 1987, Home Savings filed an action against Burntwood, alleging conversion of the mobile home by Burntwood. At a non-jury trial, judgment was granted to Burntwood, stating a lien was created by 42 O.S.1981 § 91 in favor of Burntwood that was prior to Home Savings perfected security interest.

Home Savings appeals, alleging the court erred in applying 42 O.S.1981 § 91 to the facts of this case.

Tit. 42 O.S.1981 § 91(a) states as follows:

(a) **Every person who,** while lawfully in possession of an article of personal property, **renders any service** to the owner thereof by furnishing material, labor or skill for the protection, improvement, safekeeping, towing, **storage** or carriage thereof, **has a special lien thereon,** dependent on possession, for the compensation, if any, which is due to him from the owner for such service. (Emphasis added).

Burntwood was lawfully in possession of the mobile home and rendered a service of storage along with attendant services. Burntwood notified Home Savings on several occasions and requested advice on the disposal of the mobile home, with no response from Home Savings. Finally,

Burntwood sought to foreclose its lien. Notification was given to Home Savings, with no response.

In the case of *Security Nat'l Bank v. Reiginger*, 610 P.2d 1222 (Okla.1980), the Supreme Court found that where articles were abandoned in a rented storage space, a statutory lien, in favor of the warehouse, arose by operation of law. In a determination of the lien priority between the warehousemen asserting a statutory lien and the perfected security interest of a lender, the Court found the possessory lien to have priority over any secured parties.

We find the holding in *Reiginger* to be controlling and the trial court's ruling to be correct.

AFFIRMED.

BAILEY, C.J., and GARRETT, P.J., concur.